UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL D. BURGESS,**

     Plaintiff(s),    CASE NUMBER: 08-13713
                HONORABLE VICTORIA A. ROBERTS

v.

**LEE ACCEPTANCE CORPORATION,
THOMAS D. HOCKING, and VICTOR LOTYCZ,**

     Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

This matter is before the Court on Defendants Lee Acceptance Corporation ("Lee Acceptance") and Thomas D. Hocking's (collectively "Defendants") "Motion to Dismiss." (Doc. #4). Defendants ask the Court to dismiss Plaintiff Michael D. Burgess's ("Burgess") Complaint with prejudice.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

**II. FACTS AND PROCEDURAL HISTORY**

Burgess is indebted to the Kirby Company of East Detroit. Lee Acceptance is an assignee of the debt. Thomas D. Hocking is an attorney for Lee Acceptance.

On February 6, 2004, Lee Acceptance obtained a $4,873.49 judgment against Burgess. On September 5, 2007, Lee Acceptance obtained a "Request and Writ for Garnishment (Income Tax Refund/Credit)." Lee Acceptance was authorized to intercept Burgess's state tax refund. On January 16, 2008, Lee Acceptance obtained a "Request

1

and Order to Seize Property." The 19th District Court ordered a Sheriff, Deputy Sheriff, or Court Officer to seize and sell all vehicles registered to Burgess's property.

Defendant Victor Lotycz ("Lotycz"), a Court Officer/Deputy Sheriff, executed the writ to seize property on February 20, 2008. Burgess alleges that Lotycz:

(1) announced he was a Wayne County Sheriff who would take Burgess to jail if he did not surrender his car keys;

(2) refused multiple requests to leave Burgess's home until Burgess surrendered money;

(3) grabbed a telephone book without permission to look up a tow-truck company for Burgess's car;

(4) refused to return the telephone book on request;

(5) hit Burgess with his forearm; and

(6) forced Burgess to surrender $1,600.00 cash.

Burgess filed a Chapter 7 Bankruptcy Petition on March 10, 2008. On May 20, 2008, Burgess filed a Complaint in the Bankruptcy Court that alleges: (1) a violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) a violation of the Michigan Collection Practices Act ("MCPA"); (3) the $1,600.00 cash he surrendered was a preferential transfer contrary to 11 U.S.C. §547(b); (4) Thomas D. Hocking, Lee Acceptance, and Lotycz are liable for $1,600.00 pursuant to 11 U.S.C. §550(a), if the Court finds the preferential transfer can be avoided; (5) Thomas D. Hocking, Lee Acceptance, and Lotycz violated 11 U.S.C. §362(a); and (6) assault and battery.

Pursuant to the Order entered on September 25, 2008, this Court will hear Burgess's claims for: (1) assault and battery; (2) a violation of the FDCPA; and (3) a violation of the MCPA. Burgess's Title 11 claims will proceed in the Bankruptcy Court.

## III. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted).

Here, the Court may consider the "Order for Temporary Assignment of Court Officer" attached to Defendants' Reply brief and the exhibits attached to Burgess's Response brief – except Burgess's Affidavit. *See Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account") (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1357 (2d ed. 1990)).

## IV. APPLICABLE LAW AND ANALYSIS

Defendants say Burgess's Complaint fails to state a claim upon which relief can be granted because: (1) the claims arise solely from Lotycz's alleged conduct; (2) Lotycz is not their agent; (3) a "bare" assertion of agency in Burgess's Complaint is insufficient to overcome a Rule 12(b)(6) motion to dismiss; (4) if Lotycz is their agent, his alleged conduct is outside the scope of authority; (5) Lotycz is not a "debt collector" as defined by the FDCPA; and (6) Lotycz is not employed by a "collection agency" as defined by the MCPA.

### A. Is Lotycz Exempt from Liability Under the FDCPA and/or the MCPA?

The Court must determine whether Lotycz has liability under the FDCPA and/or the MCPA. If Lotycz is exempt from liability for his alleged conduct, that necessarily means Defendants are exempt.

#### 1. Is Lotycz a "Debt Collector" as Defined by the FDCPA?

Under the FDCPA, a "debt collector" includes:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties.

15 U.S.C. §§ 1692a(6) and 1692a(6)(C).

Defendants say Lotycz is an officer of the 19th District Court who was performing official duties, and therefore, does not fit the definition of a "debt collector" under §1692a(6)(C) of the FDCPA. Defendants direct the Court to *Weiss v. Weinberger*, 2005

WL 1432190 at *4 (N.D. Ind. June 9, 2005) ("As an officer of the Court with a duty to collect debts, the Receiver is excluded as a debt collector under the FDCPA because his attempts to collect debts are in the performance of his official duties") and *Heredia v. Green*, 667 F.2d 392, 393-94 (3rd Cir. 1981) (a Landlord and Tenant Officer of the Philadelphia Municipal Court was excluded from liability under the FDCPA for serving tenants a "Municipal Court Notice of Termination of Lease" because it was an official activity).

In *Gradisher v. Check Enforcement Unit, Inc.*, 133 F.Supp.2d 988 (W.D. Mich. 2001), the defendant argued it was subject to the 15 U.S.C. §1692a(6)(C) exclusion provision. *Gradisher*, 133 F.Supp.2d at 991. The court held the exclusion did not apply because the defendant was an independent contractor, not a government employee. *Id.* According to the court, an independent contractor is not entitled to exclusion under the FDCPA pursuant to 15 U.S.C. §1692a(6)(C). *Id.* at 992 (citing *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

While the 19th District Court ordered Lotycz to execute the writ to seize property, Burgess presents evidence that Lotycz is an independent contractor – not an officer of the 19th District Court.

Attached to Burgess's Response brief is a document called "Corporate Entity Details" from the Department of Labor & Economic Growth. This document shows Lotycz owns a process serving company called "Victor Lotycz Process Serving Company Inc." The company is a domestic profit corporation with a registered office address of 47280 Victorian Square, North Canton, MI 48188.

5

Burgess also presents a document called "Designated Court Officers by Name." Lotycz is listed as a designated court officer for the 34th, 35th, 52nd, and 65B District Courts, but he is not listed as a designated court officer for the 19th District Court.

Finally, Burgess presents a document called "Procedures for Appointment of Court Officers." This document shows court officers can be appointed as employees or independent contractors.

Based on the evidence before it, the Court cannot find as a matter of law that Lotycz is exempt from liability under the FDCPA pursuant to 15 U.S.C. §1692a(6)(C). A question of fact exists. The Court cannot dismiss Burgess's FDCPA claims against Defendants at this juncture.

### 2. Is Lotycz Employed by a "Collection Agency" as Defined by the MCPA?

Defendants say they cannot be liable for Lotycz's alleged conduct under the MCPA because Lotycz is exempt from liability under that Act. According to Defendants, Lotycz is not employed by a "collection agency" as defined by the MCPA. However, rather than focusing on who employed Lotycz for this cause of action; Defendants should be focusing on whether Lotycz is a "regulated person."

Burgess's Complaint alleges Thomas D. Hocking, Lee Acceptance, and Lotycz violated MCLA §§ 445.252(e), (j), and (k). Those sections prohibit a "regulated person" from:

(1) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

(2) Using or employing, in connection with collection of a claim, a

6

> person acting as a peace or law enforcement officer or any other officer authorized to serve legal papers; and
>
> (3) Using or threatening to use physical violence in connection with collection of a claim.

A "regulated person" is "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including . . . [a] public officer or a person acting under court order." MCLA §445.251(g)(x).

Lotycz was acting under court order when he executed the writ to seize property. That makes him a "regulated person" subject to liability under the MCPA. Accordingly, the Court cannot dismiss Burgess's MCPA claims against Defendants on this basis.

### B. Agency Relationship

The Court's holding that Lotycz is subject to liability under the MCPA and may be subject to liability under the FDCPA does not end the analysis. The Court now must decide whether Defendants may be liable to Burgess based on agency law. If Lotycz was not Defendants' agent or employee, Defendants cannot be liable for Lotycz's alleged conduct.

Agency includes every relationship in which one person has the authority to act for or represent another. *Saums v. Parget*, 270 Mich. 165, 171 (1935) (citation omitted). Fundamental to the existence of an agency relationship is the right to control the agent's conduct. *St. Clair Intermediate Sch. Dist. v. Intermediate Educ. Ass'n/Michigan Educ. Ass'n*, 458 Mich. 540, 558 (1998) (citing *Capitol City Lodge No. 141, FOP v. Meridian Twp.*, 90 Mich.App. 533, 541 (1979)). To determine if "control" exists, courts typically examine five factors:

7

> (1) whether the alleged principal provided the materials and place of work for the alleged agent;
>
> (2) whether the alleged agent, independent of the alleged principal, offers his services to the public at large;
>
> (3) whether the alleged principal has the right to terminate the alleged agent as an employee at will;
>
> (4) whether the alleged agent was receiving compensation from the alleged principal; and
>
> (5) whether the principal had the ability to control the agent's daily work and responsibilities.

*Hart v. Comerica Bank*, 957 F.Supp. 958 (E.D. Mich. 1997) (citing *Meretta v. Peach*, 195 Mich.App. 695 (1992); *Alar v. Mercy Mem'l Hosp.*, 208 Mich.App. 518, 529 (1995); *Little v. Howard Johnson Co.*, 183 Mich.App. 675, 682 (1990)).

### 1. FDCPA and MCPA Claims

Defendants say an agency relationship did not exist at the time Lotycz executed the writ to seize property because they did not have the right to control Lotycz's conduct. According to Defendants: (1) they do not provide Lotycz with supplies or office space to facilitate Lotycz's court-assigned duties; (2) Lotycz is a deputy sheriff authorized to execute court orders in any case and for any party involved; (3) they do not pay Lotycz or give Lotycz any benefits; and (4) they do not have any oversight, input, influence, or control over when, where, or how Lotycz carries out his court-appointed tasks.

However, Burgess alleges in his Complaint that "Defendant Thomas Hocking is . . . an agent for Lee Acceptance Corp," and "Defendant Victor Lotycz is . . . an employee or agent of Defendant Lee Acceptance Corp." The Court accepts these allegations as

8

true for purposes of a Rule 12(b)(6) motion. *See Miller*, 50 F.3d at 377.

More importantly, Burgess states in his Response brief that Lotycz was supervised on the telephone by a Lee Acceptance employee. Defendants do not dispute this statement. This is evidence that Lotycz had the authority to act for Defendants, and Defendants had the right to control his conduct.

The Court declines to dismiss Burgess's FDCPA and MCPA claims against Defendants. A factual dispute exists as to whether Lotycz was Defendants' agent. *See Michigan Nat'l Bank of Detroit v. Kellam*, 107 Mich.App. 669, 678 (1981) (agency is a question of fact) (citations omitted).

### 2. Assault and Battery Claim

Assault and battery are intentional torts. *Allstate Ins. Co. v. Clarke*, 2007 WL 2710821 at *3 (Mich.App. Sept. 18, 2007) (citing *VanVorous v. Burmeister*, 262 Mich.App. 467, 482-83 (2004)). A principal is only responsible for torts of his agent committed within the scope of the agency. *Cronk v. Chevrolet Local Union #659 United Auto. Aerospace & Agric. Implement Workers of Am., Congress of Indus. Organizations*, 32 Mich.App. 394, 401 (1971) (citing 3 Am.Jur.2d, Agency §267, p.631).

Even assuming Lotycz is Defendants' agent, Defendants cannot be liable for assault and battery. The agency relationship (if one existed) between Defendants and Lotycz gave Lotycz the authority to collect a debt owed to Lee Acceptance. If Lotycz hit Burgess on his forearm, such act would be outside the scope of any agency relationship.

## V. CONCLUSION

The Court **DENIES** Defendants' motion to dismiss Burgess's claims under the

9

FDCPA and the MCPA. Those claims will proceed against Lee Acceptance, Thomas D. Hocking, and Lotycz.

The Court **GRANTS** Defendants' motion to dismiss Burgess's assault and battery claim. Burgess's assault and battery claim against Lee Acceptance and Thomas D. Hocking is **DISMISSED**. His assault and battery claim will proceed against Lotycz.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 4, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 4, 2008.

s/Carol A. Pinegar
Deputy Clerk